**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **ROBERT J. LEDWITH** | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | |
| | : | |
| **MS. BROOKS, SCI Albion, PA; THE DISTRICT** | : | |
| **ATTORNEY OF THE COUNTY OF PHILA. PA;** | : | |
| **THE ATTORNEY GENERAL OF THE STATE** | : | |
| **OF PENNA.; HON. SHEILA WOODS-SKIPPER** | : | |
| **Common Pleas Court of Phila, et al.** | : | **No. 06-1799** |

**Norma L. Shapiro, J.**                                                    **August 13th, 2012**

## MEMORANDUM

Before the court is the amended petition of Robert J. Ledwith ("Ledwith") for a writ of *habeas corpus*. Ledwith was convicted in state court for corrupting the morals of a minor and attempted indecent assault in 2003 and remains incarcerated in a state correctional facility. He filed his initial *pro se* petition for habeas relief in 2006.

This action has a complex procedural history including two petitions, two reports and recommendations from U.S. Magistrate Judge Jacob P. Hart, and multiple sets of objections and responses. In February 2007, in his objections to Magistrate Judge Hart's Supplemental Report and Recommendation, Ledwith raised a new claim alleging his incompetency. The court placed this action in suspense from 2008–09 pending an expert report concerning Ledwith's competency and later permitted Ledwith to file a counseled, amended *habeas* petition (paper no. 59) to clarify his claims. In the amended petition, Ledwith set forth two new claims: (1) the state court mistakenly found him competent to stand trial and violated his due process right not to be tried while incompetent; and (2) his state court attorneys failed to request a competency hearing and violated his Sixth Amendment right to effective assistance of counsel. The court considers these

1

claims only and deems the others asserted in the original petition withdrawn. The court will deny the amended petition on the merits.

**I.  Facts**

Ledwith, a veteran of the U.S. Marine Corps, fractured his skull in a service-related car accident in 1988. In 1994, Ledwith was diagnosed with an organic brain injury, impaired memory, and impaired perceptual organization. In 1998, the U.S. Department of Veterans Affairs found the accident caused Ledwith to have a 50% mental disability affecting his speech, thinking, relationships, and judgment.

In July 2000, police arrested Ledwith after he attempted to pull a 9-year-old boy into his car. On February 11, 2003, Ledwith waived his right to a jury trial. Ledwith's counsel did not request a competency hearing.

At trial, the 9-year-old boy testified he and his 13-year-old brother had been to Ledwith's house about five times before Ledwith attempted to pull him into the car. *See* Supp. R&R (paper no. 21) at 4–5. During these visits, Ledwith showed the boys pornographic movies, attempted to sexually assault the 9-year-old, and chased the boys around the room with his pants down. The state court judge, the Honorable Sheila Woods-Skipper, convicted Ledwith of 1 count of corruption of the morals of a minor and 1 count of attempted indecent assault, and sentenced him to 2½–5 years' imprisonment followed by 5 years' probation.

### i. Pre-trial psychological evaluations

On April 26, 2002, before trial, Ledwith was evaluated by James G. Jones, M.D., who found Ledwith was psychotic and intermittently paranoid. Dr. Jones concluded Ledwith was not competent to stand trial and recommended psychiatric treatment within the Philadelphia Prison Mental Health Unit. Ledwith did not receive that treatment.

Ledwith was evaluated on July 15, 2002, by Robert W. Stanton, M.D. Dr. Stanton found Ledwith bizarre but oriented, eccentric but not delusional, and able to cooperate with counsel. Dr. Stanton concluded that Ledwith, "in spite of his psychopathology, does appear capable of taking part in legal proceedings." Pet'r's Proposed Findings of Fact (paper no. 103) ¶ 9. Dr. Stanton evaluated Ledwith again on February 3, 2003, and reached the same conclusion. *Id.* ¶ 12. A third doctor, Christos A. Ballas, M.D., evaluated Ledwith on July 18, 2002, and found him competent. *Id.* ¶ 10. In all, Ledwith received 4 psychological evaluations before his trial: 1 finding him incompetent, and 3 finding him competent. After the state court received all 4 evaluations, Judge Woods-Skipper held Ledwith was competent and proceeded with the trial.

### ii. The court colloquy

On February 11, 2003, before Ledwith waived his right to a jury trial, Judge Woods-Skipper asked Ledwith about his mental health:

> THE COURT: Have you even been confined to a mental institution or been treated for a mental illness?
>
> THE DEFENDANT: I was—I did have—I was in Coatesville, Your Honor, at Coatesville Veterans Hospital. I suffered injuries in the military, and based on a skull fracture and some orthopedic injuries, I was diagnosed as having some issue, debilitating.
>
> THE COURT: Are you still receiving treatment at this time?
>
> THE DEFENDANT: No, I'm doing fine.

3

THE COURT: Are you taking any medication?

THE DEFENDANT: No.

THE COURT: I will note for the record that I did order a forthwith psychiatric examination on February 3 and the doctor did indicate that Mr. Ledwith is competent to proceed.

Response Pet'r's Supp. Obj. (paper no. 48) at Ex. C, p. 5. Both of Ledwith's attorneys—Nino Tinari, Esq., and Todd Henry, Esq.—confirmed Ledwith understood the colloquy. *Id.* at 7–8. Judge Woods-Skipper asked the attorneys whether there was any reason that Ledwith should not be permitted to proceed, and Mr. Tinari said, "None whatsoever, Your Honor." *Id.* at 8.

During the trial, Judge Woods-Skipper informed Ledwith of his right not to testify. Ledwith not only waived his right to testify but also conferred with counsel before doing so:

THE COURT: Have you had the opportunity to speak with your lawyers about whether or not you will testify in this case?

THE DEFENDANT: Yes, Your Honor.

THE COURT: Have you reached a decision as to whether or not you wish to testify?

THE DEFENDANT: I would like to have a word.

THE COURT: Pardon me?

THE DEFENDANT: Can I have a word?

THE COURT: You may.

(The defendant and his counsel confer.)

THE DEFENDANT: I've decided not to testify, Your Honor.

THE COURT: Let me just go back. Then you've reached a decision as to whether or not you wish to testify?

4

THE DEFENDANT: Yes.

THE COURT: What is that decision?

THE DEFENDANT: Not to testify, Your Honor.

THE COURT: Has anyone forced you, threatened you, or in any other way precluded you from testifying even though you wanted to?

THE DEFENDANT: No, Your Honor.

THE COURT: You understand the fact that you have not testified cannot and will not be held against you by this Court?

THE DEFENDANT: Yes, Your Honor.

*Id.* at 225–27.

Judge Woods-Skipper also asked Ledwith whether he wished to present any additional

evidence. Ledwith questioned the prosecutor about whether there were pictures of his house that

could have contradicted prosecution testimony:

THE COURT: Are there any witnesses that you wanted produced or any testimony you wanted introduced that has not been put into evidence in this case?

THE DEFENDANT: Yes, Your Honor.

THE COURT: What is that?

(The defendant and his counsel confer.)

[ . . . ]

THE DEFENDANT: Pictures of the house, and the Commonwealth says in discovery that they did take pictures of the house, and I'd like to see the pictures of the inside of the house.

THE COURT: Very well.

5

[THE PROSECUTOR]: As an officer of the court, I have received
no pictures of the house. I've seen pictures of the inside of the car.
I will inquire with my detectives, but I've seen the whole file
which have pictures of the inside of the car.

[DEFENSE COUNSEL]: I have seen the pictures of the inside of
the car.

THE COURT: Mr. Ledwith, you understand that apparently there
are no pictures of the inside of the house, so, therefore, they're not
being produced by either side in this case? So other than that, is
there anything else you wanted?

THE DEFENDANT: The only reason, if I may be more specific
here, as far as why I wanted that was because the complainant
named a loft and I do not have a loft in my house.

[ . . . ]

[DEFENSE COUNSEL]: I think we did establish that.

THE COURT: All right.

*Id.* at 227–28.

### *iii. Procedural history*

Ledwith filed his original *habeas* petition in April 2006 and brought 6 claims for relief.

Of these, only 2 were exhausted in state court: (1) the trial court erred in admitting evidence of

other crimes; and (2) the evidence was insufficient to support the convictions. Because Ledwith's

petition contained exhausted and unexhausted claims, Magistrate Judge Hart filed a Report and

Recommendation that Ledwith's petition be dismissed as mixed. (paper no. 7).

Ledwith withdrew his 4 unexhausted claims, and this court remanded the petition to

Magistrate Judge Hart for a Report and Recommendation on the 2 exhausted claims. (paper no.

10). Magistrate Judge Hart filed a Supplemental Report and Recommendation and found: (1) the

trial court did not err in admitting evidence of other crimes; and (2) the evidence was sufficient to

support the convictions. *See* Supp. R&R (paper no. 21) at 6, 8. Magistrate Judge Hart recommended the petition be denied.

Ledwith filed objections to the Supplemental Report and Recommendation and argued he had "organic brain disease." (paper no. 22). Ledwith did not clarify whether his organic brain disease rendered him incompetent to stand trial in 2003, pursue *habeas* relief without counsel, or both.

The court then appointed Lynanne Wescott, Esq., to represent Ledwith. (paper no. 25). Ledwith, with counsel, filed supplemental objections to the Supplemental Report and Recommendation and argued: (1) he was incompetent to stand trial in 2003; and (2) his trial attorneys provided ineffective assistance of counsel by failing to request a competency hearing before trial. (paper no. 36). The court ordered the parties to choose an expert to evaluate Ledwith's mental health and placed the action in suspense in April 2008 so Ledwith could prepare additional supplemental objections to the Supplemental Report and Recommendation. (paper no. 40).

Dr. Idit Trope, the expert evaluating Ledwith's mental health, completed the expert report in April 2009. The court removed the action from suspense in June 2009 and granted Ledwith leave to file additional supplemental objections to the Supplemental Report and Recommendation. (paper no. 44). Ledwith filed additional supplemental objections and argued Dr. Trope's report "challenges Mr. Ledwith's competence to stand trial in 2002 [sic],[1] and his ability to participate therein[.]" (paper no. 45).

---

[1] Ledwith's trial occurred in 2003, not 2002.

The court granted Ledwith leave to file a counseled, amended petition to clarify his claims. He filed the counseled, amended petition in September 2010 and raised the same incompetency arguments he raised in his supplemental objections to the Supplemental Report and Recommendation. (paper no. 59).

Magistrate Judge Hart did not consider Ledwith's incompetency in the Reports and Recommendations because Ledwith did not argue incompetency until after the Reports and Recommendations were filed. The Reports and Recommendations address claims later omitted from the amended petition and deemed withdrawn; the Reports and Recommendations are moot. The court did not refer the amended petition to Magistrate Judge Hart for a Report and Recommendation.

## II.    Jurisdiction

Federal courts have jurisdiction over petitions for writs of *habeas corpus* challenging state custody in violation of the United States Constitution. 28 U.S.C. § 2241.

## III.   AEDPA

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") "severely circumscribes a federal habeas court's review of a state court decision." *Johnson v. Carroll*, 369 F.3d 253, 257 (3d Cir. 2004). 28 U.S.C. § 2254(d) provides:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—
>     (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>     (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

Review under § 2254(d) is limited to the record that was before the state court adjudicating the claim on the merits. *Cullen v. Pinholster*, 131 S. Ct. 1388, 1398, 1400 n.7 (2011).

Under 28 U.S.C. § 2254(e)(1), "a determination of a factual issue made by a State court shall be presumed to be correct." A state court competency determination is a factual determination presumed correct under § 2254(e)(1). *See Maggio v. Fulford*, 462 U.S. 111, 117 (1983). The § 2254(e)(1) presumption of correctness applies only if the state court determination is fairly supported by the record. *Meyers v. Gillis*, 142 F.3d 664, 667 (3d Cir. 1998). A petitioner has the burden of rebutting the § 2254(e)(1) presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

**IV.     Discussion**

Ledwith's amended petition is difficult to understand, but it presents two related but legally distinct claims: (1) the state court criminal trial violated his due process right not to be tried while incompetent; and (2) his state court counsel violated his right to effective assistance of counsel by failing to request a competency hearing. The amended petition supercedes the original petition, so the court will consider only these claims. *Graziano v. Grace*, No. 05-2300, 2008 U.S. Dist. LEXIS 35408, at *18 n.6, 2008 WL 1902191, at *5 n.6 (E.D. Pa. Apr. 29, 2008), *approved and adopted by* 2009 U.S. Dist. LEXIS 15477, 2009 WL 506364 (E.D. Pa. Feb. 26, 2009). The other claims are deemed withdrawn.

**A.     Due process**

"The criminal trial of an incompetent defendant violates due process." *Cooper v. Okla.*, 517 U.S. 348, 354 (1996) (citation omitted). A defendant is competent to stand trial when he has "sufficient present ability to consult with his lawyer with a reasonable degree of rational

understanding" and "a rational as well as factual understanding of the proceedings against him." *Dusky v. United States*, 362 U.S. 402 (1960). The test for competency is the same under federal and Pennsylvania law. *Compare id. with* 50 P.S. § 7402(a) (defendant incompetent to stand trial when "substantially unable to understand the nature or object of the proceedings against him or to participate and assist in his defense").

The state judge found Ledwith competent to stand trial without first holding a competency hearing. Because competency is a state court factual determination presumed correct, *see* § 2254(e)(1), Ledwith is entitled to relief on this claim only if the state court determination was unreasonable in light of the evidence presented. *See* § 2254(d)(2).

The state court finding is fairly supported by the record. Although 1 psychiatrist found Ledwith incompetent, 3 other psychiatrists subsequently found him competent. The state court had access to the evaluation finding him incompetent and nonetheless found him competent. Ledwith's responses during each colloquy showed he was able to consult with his lawyer and did so before deciding not to testify. *See* Response Pet'r's Supp. Obj. (paper no. 48), Ex. C at 225–26. Ledwith requested pictures of his home from the prosecutor to attack the credibility of certain testimony, *id.* at 227–28, and understood the proceedings against him. *See Dusky v. United States*, 362 U.S. 402 (1960). Ledwith has not provided clear and convincing evidence to rebut the § 2254(e)(1) presumption of correctness applied to the state court competency finding,

nor has Ledwith shown that the state court finding was unreasonable under § 2254(d)(2).[2]

Ledwith is not entitled to relief on this claim.

Because this claim fails on the merits, the court need not address exhaustion and procedural default. *See* 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.").

### B.    Effective assistance of counsel

Ledwith's state court counsel failed to request a competency hearing before trial. Counsel's failure to request a competency hearing could violate a defendant's right to effective assistance of counsel if "there are sufficient indicia of incompetence to give objectively reasonable counsel reason to doubt the defendant's competency, and there is a reasonable

---

[2] This court held evidentiary hearings in September and November of 2011 regarding Ledwith's competency and received a report prepared by Dr. Trope, the expert who examined Ledwith in 2008 for the defense. We do not consider this evidence in this decision. As stated by the Court of Appeals in December 2011:

> In light of [*Cullen v. Pinholster*, 131 S. Ct. 1388 (2011)], district courts cannot conduct evidentiary hearings to supplement the existing state court record under 28 U.S.C. § 2254(d). Otherwise, federal habeas petitioners would be able to circumvent the finality of state court judgments by establishing a new factual record. This would contravene AEDPA, which requires petitioners to diligently present the facts in state court before proceeding to the federal courthouse.

*Brown v. Wenerowicz*, 663 F.3d 619, 629 (3d Cir. 2011). Only evidence before the state court when it determined Ledwith was competent to stand trial may be considered by the federal court. *See* § 2254(d); *Pinholster*, 131 S. Ct. 1388. *But cf.* § 2254(e) (allowing court to hold evidentiary hearing under certain circumstances not present here); *see also Brown*, 663 F.3d at 629 n.4 ("Although it speaks directly to the unavailability of evidentiary hearings to adjudicate claims brought under § 2254(d), the exact scope of § 2254(e)(2) is unclear after *Pinholster*."). Even if we were to consider the evidence adduced at the evidentiary hearings, our conclusion would be the same. Dr. Trope, despite her thorough analysis, evaluated Ledwith *nunc pro tunc* in 2008 and found him incompetent; her evaluation is insufficient to rebut the 3 evaluations performed in 2002–03 finding him competent.

probability that the defendant would have been found incompetent to stand trial had the issue been raised and fully considered." *Jermyn v. Horn*, 266 F.3d 257, 283 (3d Cir. 2001).

A petitioner claiming ineffective assistance of counsel must show: (1) counsel performed deficiently; and (2) the deficient performance prejudiced the defendant. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). Deficient performance of counsel prejudices a defendant if there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. To show prejudice resulting from counsel's failure to request a competency hearing, a petitioner must show "a reasonable probability that [he] would have been adjudged incompetent to stand trial if a hearing or additional evaluation had been conducted." *See Jermyn v. Horn*, 266 F.3d 257, 302 (3d Cir. 2001). The test for ineffective assistance of counsel is the same under federal and Pennsylvania law. *Compare Strickland*, 466 U.S. 668 *with Commonwealth v. Pierce*, 527 A.2d 973, 976 (Pa. 1987).

Even if counsel performed deficiently, Ledwith has not shown the deficient performance prejudiced him; *i.e.*, that the state judge's finding of competency would have been different had there been a hearing. One psychiatric evaluation finding Ledwith incompetent is insufficient to give objectively reasonable counsel reason to doubt Ledwith's competency when considered with 3 other psychiatric evaluations finding him competent and his competent behavior during each colloquy. The state court finding that Ledwith was competent to stand trial is presumed correct. *See* § 2254(e)(1). Because the state court determination was reasonable without a hearing, Ledwith has not shown a probability the state court would have reached a different conclusion had there been a hearing.[3] Ledwith is not entitled to relief on this claim. Because this claim fails

---

[3] At the evidentiary hearings in 2011, this court heard testimony of Ledwith's state court counsel regarding Ledwith's competency at the time of trial. We do not consider this testimony

on the merits, the court need not address exhaustion and procedural default. *See* 28 U.S.C.

§ 2254(b)(2).

## V.      Conclusion

The amended petition for a writ of *habeas corpus* will be denied on both claims. All other

claims not presented in the amended petition are deemed withdrawn, and the original petition

will be denied as moot. The Reports and Recommendations as to the original petition are also

moot. Ledwith has not substantially shown that his constitutional rights have been violated, so

the court will not issue a certificate of appealability. *See* 28 U.S.C. § 2253(c)(2). An appropriate

order follows.

---

in reaching this decision. *See supra* n.2; *Cullen v. Pinholster*, 131 S. Ct. 1388 (2011). Even if we
were to consider this evidence, our conclusion would be the same. Ledwith was competent to
stand trial in 2003; the testimony of Ledwith's state court counsel at the hearings does not show
Ledwith was prejudiced by counsel's failure to request a competency hearing before trial.